Matter of M.D. v F.T. (2025 NY Slip Op 01286)

Matter of M.D. v F.T.

2025 NY Slip Op 01286

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Kern, J.P., Mendez, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Docket No. O6135/21|Appeal No. 3821|Case No. 2024-01934|

[*1]In the Matter of M. D., Petitioner-Respondent,
v
F. T., Respondent-Appellant.

Andrew J. Baer, New York, for appellant.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child, B.D.T.
John R. Eyerman, New York, attorney for the child, N.D.T.

Order of fact-finding and disposition (one paper), Family Court, New York County (Pamela Scheininger, Ref.), entered on or about February 13, 2024, which, after a fact-finding determination, found that the respondent father committed the family offenses of menacing in the second and third degrees as against the petitioner mother and the subject children, respectively, and bringing up for review orders of protection, same court and Referee, entered on or about February 13, 2024, issued on behalf of the mother and the children, unanimously affirmed, without costs.
The determination that the father committed the family offenses of menacing in the second degree as against the mother (Penal Law § 120.14) was supported by a fair preponderance of the evidence at the fact-finding hearing. The mother testified to multiple episodes over a 10-year period in which the father grabbed her hair, kicked and hit her, and intimidated her by backing her against a wall and screaming in her face. This evidence supports the determination that the father committed menacing in the second degree (see Matter of Giovanni De M. v Nick W., 200 AD3d 517, 518 [1st Dept 2021]; Matter of Carmen L. v Rafael R., 163 AD3d 436, 437 [1st Dept 2018]). The father's intent to cause the effects can be inferred from his actions and the surrounding circumstances (Matter of Giovanni De M., 200 AD3d at 518). To the extent Family Court did not delineate the specific evidence constituting the course of conduct element, we note that the record "is sufficient for this Court to conduct an independent review of the evidence," and reversal and remittal is unnecessary (Matter of Nashally M. v Jamaray C., 176 AD3d 487, 487 [1st Dept 2019]).
The determination that the father committed the family offense of menacing in the third degree as against the children (Penal Law § 120.15) is also supported by a fair preponderance of the evidence. The father admitted to hitting the children on the hands or arms with a belt. Further, the evidence showed that the father cursed and screamed at the children while they were working on a homework assignment over a holiday weekend, threatening to hit them with a belt. The evidence also established that the father physically intimidated the daughter, backing her up against a wall and screaming in her face. These acts establish the requisite elements of menacing in the third degree (see Matter of Shirley D.-A. v Gregory D.-A., 168 AD3d 635, 635-636 [1st Dept 2019]; Matter of Erin C. v Walid M., 165 AD3d 547, 548 [1st Dept 2018]).
We find no basis for disturbing the court's determination crediting the mother's version of events over the father's version (Matter of Joe T. v Danesha T., 226 AD3d 450, 451 [1st Dept 2024]).
We have considered the father's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025